**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2022[*]
Decided January 19, 2022

*By the Court:*

No. 21-2411

| | |
|---|---|
| RANDALL DAVID DUE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of |
| | Illinois. |
| | |
| *v.* | No. 20-cv-603-SMY |
| | |
| ERIC WILLIAMS, Warden, | Staci M. Yandle, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Randall David Due, a federal prisoner, challenges the denial of his third petition under 28 U.S.C. § 2241. In his petition, Due asserts that he was convicted in the United States District Court for the District of Nebraska despite various Constitutional violations at his trial. The district court dismissed Due's petition because he did not meet the strict criteria for bringing a § 2241 petition under the saving clause of 28 U.S.C. § 2255(e). We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Due was convicted on multiple counts related to his filing false liens against various government officials and judges in Nebraska. *See* 18 U.S.C. §§ 1521, 3147. The district court sentenced Due to 120 months' imprisonment. Importantly, he did not directly appeal his conviction or sentence.

Instead, Due pursued collateral relief. He filed his first § 2241 petition in the Northern District of West Virginia, seeking immediate release. He asserted eight overlapping grounds for relief: (1) he was legally and factually innocent; (2) there was insufficient evidence at trial to prove that he knowingly filed a false lien or conspired to do so; (3) the trial court improperly admitted perjured testimony; (4) his Fifth Amendment rights were violated by the trial court's admissibility rulings; (5) he could not obtain postconviction relief because the presiding judges refused to recuse themselves despite financial conflicts of interest; (6) the trial court erred in its jury instructions; (7) the trial court improperly admitted evidence at trial; and (8) the trial court lacked jurisdiction. The district court dismissed the petition because Due could have raised each ground for relief on direct appeal or in a § 2255 petition. The Fourth Circuit dismissed his appeal. *Due v. Saad*, 771 F. App'x 267 (4th Cir. 2019).

Due then filed a second petition under § 2241, this time in the Southern District of Illinois. He asserted seven grounds for relief that mirrored those in his initial § 2241 motion (though he added an argument that the judicial officers in his trial violated their "oath/contract" to support the Constitution during his trial). The court also dismissed this petition because Due could have raised these arguments on direct appeal or in a § 2255 petition.

Shortly thereafter (and six years after his conviction), Due reprised similar arguments in a motion under § 2255, which he filed in the District of Nebraska. But because he filed this motion more than a year after his conviction, the district court denied the motion as untimely. *See* § 2255(f). The Eighth Circuit dismissed his appeal of that decision. *Due v. United States*, Case No. 21-2825 (8th Cir. 2021).

This brings us to Due's third § 2241 petition, which is the subject of this appeal. In this petition, he sought to challenge his sentence by way of the "saving clause" of § 2255(e). This clause, which we have described as a "narrow pathway of last resort" for a federal prisoner seeking relief under § 2241, *Fulks v. Watson*, 4 F.4th 586, 589 (7th Cir. 2021), requires him to show that the remedy provided in § 2255 is "inadequate" or "ineffective" to contest his detention. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). To trigger the saving clause, Due must show that (1) he relies on a new case of

statutory interpretation; (2) that the decision applies retroactively and could not have been invoked in his § 2255 motion; and (3) that, absent relief, a grave miscarriage of justice would result. *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). Due sought to rely on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which examined predicate offenses in the context of the Armed Career Criminal Act and addressed how courts should apply the modified categorical approach to statutes with multiple alternative elements. Due argued that *Mathis* was a new, retroactive decision of statutory interpretation that he could not have raised in a timely § 2255 petition. And upholding his conviction, he maintained, would be a grave miscarriage of justice.

The district court denied the petition. It determined that Due could have raised his claims on direct appeal or in a timely § 2255 proceeding. Because he did not show how § 2255 would be inadequate or ineffective to challenge his detention, the court concluded that Due failed to satisfy the saving clause test. The court also found that Due could have raised his *Mathis* argument in his previous § 2241 petitions.

On appeal, Due argues that the district court wrongly decided that he did not qualify for § 2255(e)'s saving clause. He maintains that § 2255 is inadequate or ineffective because he relies on *Mathis*, which is a retroactive case of statutory interpretation decided after he could have filed a timely § 2255 petition.

The district court rightly denied Due's § 2241 petition on the grounds that he failed to satisfy the saving clause. Most significantly, he has not shown that he relies on a case announcing a new rule of statutory interpretation. Although he cites *Mathis,* he cannot not rely on it because the rule it announced does not apply to him. *See* 136 S. Ct. at 2248. *Mathis* refined the categorical approach for determining predicate offenses under the Armed Career Criminal Act, *id.,* but Due had no predicate offenses to which the categorical approach might have applied, nor was his sentence enhanced. To the extent Due believes that *Mathis* ushered in a new rule that the prosecution must prove each element of a criminal conviction beyond a reasonable doubt, such a rule is hardly new, let alone a new rule of statutory interpretation. *See In re Winship*, 397 U.S. 358, 362–64 (1970). In sum, Due has not shown that § 2255 is inadequate or ineffective to test the legality of his detention.

AFFIRMED